J-S35023-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TYWAN ADAMS | |
| Appellant | No. 1658 WDA 2016 |

Appeal from the PCRA Order October 17, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CR-25-CR-0000350-2014

BEFORE: LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.: **FILED AUGUST 17, 2017**

Appellant, Tywan Adams, appeals from the order entered October 17, 2016, denying his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We adopt the following statement of facts from a prior memorandum of this Court:

> On October 11, 2013, Patrol Officer Ira Bush of the City of Erie Bureau of Police was dispatched to 142 East 31st Street in Erie, Pennsylvania to investigate a domestic disturbance involving a man with a gun. While en route to the incident, Patrol Officer Bush received instructions from other officers to stop a sports utility vehicle that was departing from the scene. Patrol Officer Bush performed the stop and encountered three vehicle occupants. Selena Clark was the driver, Simon Odom was the

_____

[*] Former Justice specially assigned to the Superior Court.

front seat passenger, and Appellant was the only passenger in the back seat.

All three individuals exited the vehicle and Clark, the owner, gave Patrol Officer Bush her consent to conduct a search. In a rear compartment of the vehicle, directly behind the location where Appellant had been seated, Patrol Officer Bush recovered a mesh lawn chair bag that contained a Hi-Point, model 995, 9 mm semi-automatic rifle. Appellant, who was handcuffed by this point, attempted to jump over a fence when he observed Patrol Officer Bush recover the mesh bag.

On March 27, 2014, the Commonwealth filed an information charging Appellant with persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1), and carrying a firearm without a license, 18 Pa.C.S.A. § 6106(a)(1). Appellant proceeded to a non-jury trial on June 25, 2014. At the conclusion of trial, the court found Appellant guilty of all charges. Thereafter, on August 6, 2014, the trial court sentenced Appellant to serve 60 to 120 months in prison for his persons not to possess firearms conviction. In addition, Appellant was ordered to serve 42 to 84 months' incarceration for carrying a firearm without a license. The trial court ordered Appellant's sentences to run consecutive to each other and consecutive to a sentence imposed at a separate docket. Appellant moved to reconsider his sentences on August 18, 2014[,] and the court denied that motion on September 2, 2014.

Appellant filed a timely notice of appeal on October 2, 2014. Pursuant to Pa.R.A.P. 1925(b), Appellant filed a court-ordered concise statement of errors complained of on appeal on October 24, 2014. The trial court issued its Rule 1925(a) opinion on November 6, 2014.

*See Commonwealth v. Adams*, 122 A.3d 1148, *1-3 (Pa. Super. 2015)

(unpublished memorandum), *appeal denied*, 130 A.3d 1285 (Pa. 2015).

Appellant's judgement of sentence was affirmed. *Id.*

Between November 2014, and April 2016, Appellant filed several

petitions and motions in an attempt to retrieve various documents from the

court. In April 2016, Appellant *pro se* filed a motion requesting relief as a result of newly discovered evidence. The trial court treated the motion as a PCRA petition and appointed counsel to represent Appellant.[1]

Counsel filed a petition to withdraw his representation, along with a ***Turner/Finley***[2] "no merit" letter. The trial court issued a notice of intent to dismiss the PCRA without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed objections to the notice of intent to dismiss. The PCRA was ultimately dismissed on October 17, 2016.

Appellant timely filed the instant appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant presents five issues for our review:

A. Trial counsel was constitutionally deficient for failing to object to the defective jury waiver colloquy where no "on the record" colloquy was conducted and the totality of the circumstances lend credence that the Appellant did not waive his right to a jury trial in a knowingly, intelligent fashion: had Appellant been properly advised, he would have elected instead to be tried by a jury.

B. Trial counsel was ineffective for failing to object to a discovery violation where the Commonwealth violated the mandates of Pa.R.Crim.P. 573 when it failed to inform trial counsel that Salena Clark would be testifying that Appellant placed the bag containing the gun in her car.

---

[1] While still represented by counsel, Appellant filed *pro se* an amended petition that the court addressed on the merits in its notice of intent to dismiss.
[2] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

C.  Trial counsel was constitutionally ineffective for failing to investigate and subpoena Greg Moore (probation officer) to testify for the defense to refute a key point of the prosecution case.

D.  Trial counsel was ineffective for failing to file a pre-trial motion to suppress the gun as the police never had reasonable suspicion to stop the vehicle as the Commonwealth never produced Renata Moyer, the alleged complainant.

E.  Cumulative effect of trial [counsel's errors] denied Appellant a fair trial.

Appellant's Brief at 3 (unnecessary capitalization omitted).[3]

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error.  **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).  We afford the court's findings deference unless there is no support for them in the certified record.  **Commonwealth v. Brown**, 48 A.3d 1275, 1577 (Pa. Super 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing.  **See** PCRA Court Order, 10/17/2016, at 1.  There is no absolute right to an evidentiary hearing.  **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008).  On appeal, we examine the issues

---

[3] Appellant's argument section does not reflect this numbering scheme, but we will address his issues as he has numbered them in his statement of questions presented.

raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Id.*

All of Appellant's claims assert ineffective assistance of counsel. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any of these requirements. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. 2008); *Springer*, 961 A.2d at 1267 (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)).

In his first issue, Appellant contends that the trial counsel was ineffective for failing to object to the jury waiver where no on-the-record colloquy was conducted. *See* Appellant's Brief at 16-17. Specifically, Appellant claims that there was no discussion of his IQ or his ability to read

and write the English language. *Id*. Accordingly, Appellant concludes his waiver was not knowing, intelligent, or voluntary. *Id.* However, Appellant did not raise the issue of his IQ or his ability to read and write the English language before the PCRA court and, accordingly, has waived it on appeal. *See* Pa.R.A.P. 302.

Absent the waiver, we note the following. The premise of Appellant's claim is not supported by the record. On May 5, 2014, the trial court conducted a colloquy to discuss Appellant's decision to proceed without a jury. Notes of Testimony (N.T.), 5/5/14, at 1. When asked by his attorney if he understood that twelve jurors must find him guilty unanimously if he went to a jury trial, Appellant answered, "Yes." *Id.* at 2-3. His attorney also asked if Appellant understood that by waiving the right to a jury trial, he agreed the trial judge would serve as the fact finder and determine the law totally in his case. *Id.* at 2. Again, Appellant answered, "Yes." *Id.* at 3. Thereafter, the trial judge asked Appellant a series of questions regarding his understanding of the jury waiver. Appellant stated he understood that he and his attorney would participate in picking the jury and the jury's verdict would have to be unanimous, meaning that all twelve jury members would have to agree. *Id.* After reiterating the jury waiver process to Appellant and confirming his understanding, the judge asked Appellant if he had any questions about any of the matters on the Defendant's Statement of Understanding of Rights. *Id.* Appellant responded, "No questions." *Id.* At

that time, the court found the waiver to be voluntarily and knowingly made. *Id.* at 4.

The trial record explicitly proves that an on-the-record colloquy took place and that Appellant voluntarily and knowingly waived his rights to a jury trial. Further, the record reflects that Appellant signed a waiver of his right to a jury trial. **See** Notes of Testimony (N.T.), 5/5/14, at 1. The waiver of Appellant's right to a jury trial stated, "After voluntarily and intelligently reviewing this matter, I waive, or give up, my Constitutional right to a Trial by jury and agree to be tried by a Judge without a Jury." **See** Jury Trial Waiver, 5/5/14, at 1. On two occasions, Appellant acknowledged that he understood the terms of the jury waiver. At no time during the non-jury colloquy did Appellant raise issues about his inability to comprehend the waiver.

Accordingly, this claim lacks arguable merit. Counsel cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Fears,** 86 A.3d 795, 804 (2014).

Next, Appellant claims trial counsel was ineffective for failing to object to an alleged **Brady**[4] violation. **See** Appellant's Brief at 12. Appellant contends that counsel should have objected to Salena Clark's testimony identifying Appellant as the individual who placed a bag containing a gun in

---

[4] **Brady v. Maryland**, 83 S. Ct. 1194 (1963); **see also** Pa.R.Crim.P. 573 (b)(1)(a).

her car. *Id*. Appellant contends that because Ms. Clark originally gave a statement indicating she did not see Appellant put the gun in her car, the Commonwealth committed a discovery violation by failing to disclose this change in testimony. *Id*. at 13-14.

*Brady* requires, and Pa.R.Crim.P. 573 (b)(1)(a) mandates, that the Commonwealth permit the defendant to inspect any evidence favorable to the accused that is material to guilt or punishment. *See* Pa.R.Crim. 573 (b)(1)(a). To establish a violation of this rule, a defendant must establish that: "(1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." *Commonwealth v. Haskins*, 60 A.3d 538, 545 (Pa. Super. 2012). The burden rests with the defendant to prove by reference to the record that evidence was withheld or suppressed. *Id.* Further, the evidence must have been in the exclusive control of the prosecution. *Id.* No *Brady* violation occurs where the defendant knew or with reasonable diligence could have discovered the evidence in question, or where the evidence was available to the defense from a non-governmental source. *Id.*

Ms. Clark's testimony was not favorable to Appellant. Thus, there was no *Brady* violation, and Appellant's claim is without arguable merit. Counsel cannot be deemed ineffective for failing to raise a meritless claim. *Fears*, 86 A.3d at 804.

Third, Appellant contends that trial counsel was ineffective for failing to call probation officer, Greg Moore, as a witness for the defense. *See* Appellant's Brief at 19. At trial, the Commonwealth suggested that Appellant's attempt to flee the scene of his arrest was evidence of his consciousness of guilt. *Id.* According to Appellant, however, he only fled the scene because Mr. Moore had warned him to avoid contact with Renata Moyer, the complainant. *Id.* Thus, Appellant concludes, Mr. Moore's testimony would refute the Commonwealth's suggestion. *Id.*

In order to establish ineffectiveness for failure to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1109 (Pa. 2012) (citing *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009)).

Appellant cannot establish counsel's ineffectiveness for failure to call Mr. Moore. He has not demonstrated that the witness was available or willing to testify for the defense. Where a defendant cannot establish that a witness was available to testify for the defense, the claim fails. *See Washington*, 927 A.2d at 600.

Further, the absence of Mr. Moore's testimony did not deprive Appellant of a fair trial because the testimony would not have exculpated

him. At best, the proposed testimony would have established that Appellant was instructed to stay away from Renata Moyer. However, it would not establish anything material regarding the firearms charge. Therefore, this claim is without merit. Counsel cannot be deemed ineffective for failing to raise a meritless claim. **Fears,** 86 A.3d at 795, 804.

Fourth, Appellant claims counsel was ineffective for failing to file a motion to suppress the firearm. **See** Appellant's Brief at 22. According to Appellant, the police stop of Ms. Clark's vehicle was supported by neither reasonable suspicion nor probable cause, as the Commonwealth did not produce the complainant to testify at trial. **Id**. at 22-23. Thus, Appellant concludes, the seizure of the gun was in violation of his Fourth Amendment rights. **Id.** at 23.

Appellant does not cite to any authority to support this position. Accordingly, we find that Appellant has waived his arguments on appeal. **See** Pa.R.A.P. 2119(a)-(c); **see also Commonwealth v. Knox**, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.").

Absent the waiver, this claim is meritless for two reasons.

> This Court has previously found that failure to file a motion under some circumstances may be evidence of ineffective assistance of counsel. However if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move. The defendant must establish that there was no reasonable basis for not pursing the suppression claim

and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable.

*Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016) (internal citations and quotations omitted).

First, a complainant need not testify at trial to establish that police seized evidence in accordance with a defendant's constitutional rights. *See Pa.R.Crim.P. 581(h)* (placing the burden of proof upon the Commonwealth to establish the search was legally performed but not requiring testimony of complainant).

Furthermore, the stop of Ms. Clark's vehicle was appropriate.

[T]he forcible stop of a vehicle constitutes an investigative detention such that there must be reasonable suspicion that illegal activity is occurring. Police are justified in stopping a vehicle when relying on information transmitted by a valid police bulletin. Moreover, even where the officer who performs the stop does not have reasonable suspicion, the stop is nonetheless valid if the radio officer requesting the stop has reasonable suspicion.

*See Commonwealth v. Washington*, 63 A.3d 797, 802 (Pa. Super. 2013).

Based upon the facts set forth in the police report, the vehicle stop was clearly supported by reasonable suspicion. According to the police report, Ms. Moyer told an officer that she and Appellant had gotten into a fight and that he had a gun. *See* Appellant's Brief, Exhibit B. Ms. Moyer further told the officer Appellant left in a vehicle that just passed them. *Id.* The officer then radioed to a fellow officer to stop that vehicle. *Id.*

- 11 -

Accordingly, the stop was made relying upon information transmitted by a valid police bulletin and there was reasonable suspicion for the stop. *See Washington*, 63 A.3d at 802. Counsel cannot be deemed ineffective for failing to raise a meritless claim. *Fears*, 86 A.3d at 795, 804.

Finally, Appellant claims that the cumulative effect of counsel's errors denied him a fair trial. *See* Appellant's Brief at 26. In light of our preceding analysis, this claim fails. *See Commonwealth v. Busanet*, 54 A.3d 35, 75 (Pa. 2012) (noting that where ineffectiveness claims are rejected for lack of arguable merit, there is no basis for an accumulation claim).

For the above reasons, we discern no error in the PCRA court's decision to dismiss Appellant's petition without a hearing. Appellant's claims are without merit. He is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017

- 12 -